No 2,428.

ANDREW J. POPE, RESPONDENT, *v.* MICHAEL DALTON, APPELLANT.

DOCUMENTARY EVIDENCE.—RIGHT OF COUNSEL TO INSPECT.—After deeds, or other documents, have been admitted in evidence, the opposite counsel have a right to inspect them at any time during the progress of the trial.

APPEAL from the Fourth District Court, City and County of San Francisco.

The facts are stated in the-opinion.

*E. A. Lawrence,* for Appellant.

*G. F.* and *W. H. Sharp,* for Respondent.

CROCKETT, J. delivered the opinion of the Court; RHODES, C. J., WALLACE, J. and TEMPLE, J., concurring

The action is ejectment, and on the trial the plaintiff put in evidence certain deeds, through which he claimed to have darraigned title to the demanded premises. Afterward, in the progress of the trial, the defendant's attorney, whilst engaged in the cross-examination of a witness for the plaintiff, desired to inspect the deeds already in evidence, but which were in the custody of the plaintiff's attorney, and who refused to submit them to the inspection of the defendant's attorney, on the ground that they were the private papers of the plaintiff, and on the further ground, as he alleged, that on that morning the defendant's attorney had inspected the deeds at the office of the plaintiff's attorney. On this refusal the defendant's attorney moved the Court to compel the plaintiff's attorney to produce the deeds for inspection, and, on his refusal to produce them, to strike them out as evidence. The motion was denied, and the defendant, having excepted, assigns this ruling as error. No brief has been filed on behalf of the respondent, and we are, therefore, furnished with neither argument nor authority in support of what we cannot but deem an extraordinary ruling. To deny to counsel, in the progress of a trial, a full opportunity to inspect documentary evidence offered by his

adversary is an error too patent to require discussion. Nor can we infer that no damage resulted to the defendant from this ruling. On the contrary, there may have been the most satisfactory reasons why it was important to the defence to have an inspection of the deeds.

Judgment reversed and cause remanded for a new trial.