PEOPLE, PLAINTIFF AND APPELLEE, v. ROLDÁN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Infraction of Section 10 of the Agricultural Loans Act.

No. 2037.—*Decided June 26, 1923.*

EVIDENCE—DOCUMENTARY EVIDENCE.—When the district attorney exhibits a document to a witness for the purpose of questioning him regarding its contents, the defendant has the right to examine the document before the government proceeds with the interrogatories.

ID.—ID.—SUPPRESSED EVIDENCE—AGRICULTURAL LOAN.—In order to consummate an agricultural loan contract the amount of the loan must be delivered in money or its equivalent. If it is in the form of a check, the best evidence is the check itself with the endorsement thereon of the drawee showing the fact of its delivery. If, as an attempt has also been made to show in this case, a part of the loan was credited to the defendant on account, and without deciding whether this is permissible in an agricultural loan contract, it follows logically that the best evidence is not the testimony of the witness regarding this fact, but the book in which the credit was entered.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a prosecution for a violation of the Agricultural Loans Act of March 10, 1904.

The defendant was convicted and raised the present appeal.

In the appellant's brief the following are discussed as

fundamental errors: (*a*) Not permitting the defendant to examine a certain document which the district attorney was showing to a witness and about which the witness was being questioned. (*b*) Allowing the statements of an employee of the Fajardo Sugar Company in connection with the alleged delivery of money of the said agricultural loan to remain in the record. (*c*) Not acquitting the defendant peremptorily.

First error.—In this case the loan was secured by certain cattle. An inventory was made of this property and although it is described and inventoried in the information, the fact is that in the loan contract only reference was made to the inventory without including it. It seems that for this reason the government called witness José Lugo, who testified with respect to a certain inventory said by him to have been made in connection with certain property of the defendant. The document was shown to the witness and the defendant immediately asked to be permitted to examine it, invoking section 161 of the Law of Evidence and alleging as a further reason that the witness testified that the defendant's signature appeared at the foot of the said inventory. The district attorney objected to this examination and the court sustained the objection, not allowing the examination until after the government had finished questioning the witness. The defendant took an exception to the ruling of the court and declined to cross-examine the witness.

The question for decision is whether the defendant was bound to wait until the district attorney finished the examination of the witness before inspecting the document. Section 161 of the Law of Evidence of March 9, 1905, reads as follows:

"Sec. 161.—Whenever (*siempre que*) a writing is shown to a witness, it may be inspected by the opposite party, and no question

must be put to the witness concerning a writing until it has been shown to him.''

The words *"siempre que"* are a translation of the adverb of time ''whenever'' of the English text, which is equivalent to saying, considering its meaning in the statute cited, that the defendant had a right to inspect the document ''as soon as'' it was shown to the witness by the district attorney.

In support of his contention the appellant cites no California case decided after the amendment to the statute of that state on July 1, 1901; but instead he cites two old decisions, calling attention to the fact that section 2054 of the Code of Civil Procedure of California (equivalent to section 161 of our Law of Evidence) when it went into effect in 1872 read as follows:

''Section 2054.—Whenever a writing is shown to a witness, it may be inspected by the opposite party, and no question must be put to the witness concerning a writing until it has been so shown to him.''

In the case of *Pope* v. *Dalton,* 40 Cal. 638, although the facts are not the same, it was held:

''After deeds, or other documents, have been admitted in evidence, the opposite counsel have a right to inspect them at any time during the progress of the trial.''

In the other case of *People* v. *Stevens,* 52 Cal. 458, it was said:

''If a witness is called to identify papers in order to lay the foundation for introducing them in evidence, the opposing counsel is entitled to an inspection of the papers before the close of the testimony, in order to enable him to offer testimony in explanation of the papers, or to disprove their authenticity.''

We have no doubt that in accordance with the wording of the Law of Evidence and the spirit of the jurisprudence cited, the defendant had a right to inspect the document as

soon as it was shown to the witness, and the ruling of the trial court on this point was erroneous, depriving the defendant of a substantial privilege which the law gave him.

Second error.—In the information it is alleged that the Fajardo Sugar Company of Porto Rico gave and delivered to defendant Otilio Roldán, who secured it with certain property that is described (agricultural effects), the sum of $1,273.87. To prove the delivery of the money the government called two witnesses. The first of them, Jorge Bird Arias, testified that he was the manager of the Fajardo Sugar Company and that he knew of the delivery of the money to the defendant because he ordered it and also because the books so show.

The defendant moved to strike out that testimony as irrelevant, but the court overruled the motion and the defendant took an exception.

The other witness, Manuel Baralt, cashier of the Fajardo Sugar Company, said that he knew that the said sum had been delivered to the defendant; that he delivered that sum to the defendant in the form of checks of the Fajardo Sugar Company drawn on Hijos de J. Bird & León; that the money of the loan was delivered in various checks; that in this particular case it was ordered that the amount be credited to his account and a part of it was then delivered to him; that he knew this from the books and knew about the delivery from a certain book (to which he pointed) and from the check drawn to his order.

On two occasions the defendant moved to strike out the testimony of this witness; first when he said that delivery was made in the form of checks, the defendant alleging that the best evidence of the delivery of the money was the checks, and afterwards when the witness said that a part of the money was credited to his account and the rest paid in checks, facts he knew from the books.

The defendant contended that the best evidence to es-

tablish the truth of the delivery of the sum loaned was the books. It is to be observed that the witness said: "I have the checks here," and referred to the books which he had near at hand.

Section 1 of the Agricultural Loans Act makes reference to money loans. Therefore, in order that the contract may be valid it is necessary to deliver the money lent or something that represents it. If it is a check the natural thing to do is to produce the check with the signature of the payee on the back, thus showing the delivery. If, as has been also attempted to show, a part of the loan was credited to the defendant's account, and without holding that this is permissible in an agricultural loan contract, the logical consequence is that the best evidence is not the testimony of a witness on this point, but the book in which the entry was made. And, considering the logical and rational basis of the rules of evidence, there is no other explanation of the attitude of the district attorney who, having at his disposal the primary evidence in this case, voluntarily suppressed it, than that its production would be adverse to him. See subdivision 5 of section 102 of the Law of Evidence.

"The best attainable evidence should be adduced to prove every disputed fact. There are few rules of evidence more frequently invoked in the trial of causes than this, and there certainly is no rule more strongly supported by adjudicated cases. It rests upon the presumption that one who withholds testimony of a higher grade and seeks to substitute therefor testimony of an inferior kind does so from some improper motive, and because he is conscious that this claim would not be supported by the testimony which he declines to produce. The enforcement of the rule serves the double purpose of affording the court satisfactory rather than unsatisfactory evidence, and of preventing the innumerable frauds which would be attempted, if parties were at liberty at any time to prove the contents of writings by parol." Jones on Evidence, 2nd ed., p. 243.

We think that the court below committed manifest error in refusing to strike out those portions of the testimony of the witnesses that we have mentioned and which referred to deliveries of money said to have been made by checks and by credits on a current account. The trial court likewise erred in weighing the evidence, which, not being the best evidence, was insufficient to support the information, especially as there was no proof of the inventory of the property that secured the loan, as alleged in the information; and such being the condition of this case, the court should have sustained the motion of the defendant and acquitted him.

For all of the foregoing reasons the judgment is reversed and the defendant is acquitted.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.