EL PUEBLO, DEMANDANTE Y APELADO, *v.* ROLDÁN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción a la sección 10 de la Ley de préstamos agrícolas.

No. 2037.—Resuelto en junio 26, 1923.

EVIDENCIA — DERECHO DEL ACUSADO — DOCUMENTOS OFRECIDOS EN EVIDENCIA.— Cuando el fiscal muestra a su testigo un documento para interrogarle sobre el contenido del mismo, el acusado tiene el derecho de examinarlo antes de que continúe el interrogatorio de El Pueblo.

ID.—PRUEBA SUPRIMIDA—PRÉSTAMO AGRÍCOLA.—Para que exista el contrato de préstamo agrícola se hace necesaria la entrega del dinero objeto del préstamo o signo que lo represente. Si éste es un cheque, la mejor evidencia es la prueba física del cheque con la firma al dorso del mismo de la persona librada, creditiva de la certeza de la entrega. Si como además se ha intentado demostrar en este caso que una parte del préstamo le fué abonada en cuenta al acusado, y sin resolver que esto puede ser admitido en un contrato de préstamo agrícola, la lógica consecuencia es que la mejor prueba no es el dicho del testigo en ese particular sino el libro en donde había de constar el abono.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Aponte, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un caso de violación de la ley sobre préstamos agrícolas, aprobada en marzo 10 de 1904.

El acusado fué condenado, y no conforme con la sentencia estableció la presente apelación.

En el alegato del apelante se discuten como errores fundamentales, los siguientes: (a) No permitir que el acusado inspeccionara cierto documento que el fiscal mostraba a un testigo y acerca del cual giraba un interrogatorio; (b) permitir que quedaran en récord las manifestaciones de un empleado de la "Fajardo Sugar Co." en relación con la supuesta entrega de dinero objeto del préstamo agrícola que motiva el presente caso; (c) no conceder la absolución perentoria del acusado.

Primer error: En este caso el préstamo se realizó con garantía de varias cabezas de ganado vacuno. De estos bienes se hizo un inventario y aunque aparecen descritos e inventariados en la acusación, lo cierto es que en el documento de préstamo solamente se hizo referencia a dicho inventario sin incluirlo. Por esta razón parece que el Gobierno presentó la declaración del testigo José Lugo quien declaró respecto a cierto inventario que dice él que fué practicado en relación con determinados bienes del acusado. El documento fué mostrado al testigo y en ese momento el acusado pidió que se le permitiera inspeccionarlo, invocando el artículo 161 de la Ley de Evidencia y alegando como razón además que el testigo declaraba que la firma del acusado aparecía al calce de dicho inventario. El fiscal se opuso a la inspección solicitada y la corte resolvió sosteniendo la oposición del fiscal, no permitiendo tal inspección hasta después que el gobierno terminara de interrogar al testigo. El acusado tomó excepción a la resolución de la corte y se abstuvo de repreguntar. La cuestión a decidir es si el acusado estaba obligado a esperar que el fiscal terminara su interrogatorio para entonces tener el derecho de inspeccionar el do-

cumento. El artículo 161 de la Ley de Evidencia, aprobada en marzo 9, 1905, dice:

"Art. 161.—Siempre que a un testigo se le mostrare un escrito, podrá éste ser inspeccionado por la parte contraria, y no deberá hacerse pregunta alguna al testigo respecto a un escrito, mientras no se le hubiere mostrado."

Las palabras "siempre que" son la traducción del adverbio de tiempo "whenever" del texto inglés, lo que equivale a decir conforme a su significación en la disposición legal citada, que el acusado tenía derecho a inspeccionar el documento "tan pronto como" se le mostró al testigo por el fiscal.

El apelante no cita ningún caso de California en apoyo de su contención, después de la enmienda que sufrió la ley de dicho estado en julio primero de 1901; pero en cambio nos cita dos decisiones de fecha remota, no sin advertir que el artículo 2054 del Código de Enjuiciamiento Civil de California (equivalente al 161 de nuestra Ley de Evidencia), cuando entró a regir en 1872, dice así:

"Artículo 2054.—Siempre que a un testigo se muestre un escrito puede éste ser examinado por la parte contraria y no deberá hacerse ninguna pregunta al testigo con relación al escrito hasta que se le haya mostrado de tal modo."

En el primer caso de *Pope* v. *Dalton,* 40 Cal. 638, aunque las circunstancias no son las mismas, se resolvió:

"Que después de admitidos como prueba escrituras u otros documentos el abogado de la parte contraria tiene derecho a inspeccionarlos en cualquier momento durante la substanciación del juicio."

Y en el segundo de *People* v. *Stevens,* 52 Cal., 458, se dijo:

"Si se llama a un testigo para identificar documentos con el fin de establecer la razón que existe para presentarlos como prueba, el abogado de la parte contraria tiene derecho a hacer una inspección

de los documentos antes de terminarse la prueba con el fin de que pueda él presentar prueba para explicar los documentos, o negar su autenticidad.''

No tenemos duda que de acuerdo con los términos de la Ley de Evidencia y el espíritu de la jurisprudencia citada, el acusado tenía derecho a inspeccionar el documento tan pronto como se le mostró al testigo y la resolución de la corte inferior en ese punto fué errónea, privándose al acusado de un privilegio sustancial que le concedía la ley.

Segundo error: en la acusación se alega que la ''Fajardo Sugar Company of Porto Rico'' dió y entregó al acusado Otilio Roldán con la garantía de ciertos bienes que se describen (efectos agrícolas) la suma de $1,273.87. Para acreditar el gobierno la entrega del dinero presentó dos testigos. El primero, Jorge Bird Arias, declaró: que es el Administrador de la Fajardo Sugar Co. y que la entrega del dinero al acusado le constaba por haberlo ordenado, así como también resultaba de los libros.

La defensa solicitó la eliminación de esos extremos por ser impertinentes, pero la corte desestimó la moción, tomando excepción el acusado.

El segundo testigo, Manuel Baralt, cajero de la Fajardo Sugar Co., manifestó que sabía que esa cantidad había sido entregada al acusado; que entregó esa cantidad al acusado en cheques de la Fajardo Sugar Co., cheque a cargo de Hijos de J. Bird & León; que el dinero a que se refiere el préstamo fué entregado en varios cheques; que en este caso concreto se ordenó que se le abonara a cuenta, y se le entregó entonces una parte; que eso lo sabe por los libros y sabe que se le entregó por el libro éste y por el cheque que está ahí, hecho a favor de él.

Por dos ocasiones el acusado pidió la eliminación de las manifestaciones del testigo, primeramente cuando habló de que la entrega se hizo por cheques, alegando el acusado que la mejor prueba de la entrega del dinero eran los cheques,

y después al declarar el testigo que una parte del dinero se
le abonó en cuenta y la otra le fué dada en cheques, lo que
le constaba por los libros.

El acusado alegaba igual fundamento de que para de-
mostrar la certeza de la entrega de la cantidad prestada,
la mejor prueba eran los libros.   Es de notarse que el tes-
tigo dijo, "Yo tengo aquí los cheques" y se refirió a los li-
bros, teniéndolos a la mano.

La sección primera de la Ley sobre préstamos agrícolas
se refiere a préstamos en dinero.  De manera que para que
exista tal contrato se hace necesaria la entrega del dinero
objeto del préstamo o signo que lo represente.  Si éste es un
cheque lo natural es la prueba física del cheque con la firma
al dorso del mismo de la persona librada, creditivo de la
certeza de la entrega.   Si como además se ha intentado de-
mostrar que una parte del préstamo le fué abonada en cuenta
al acusado, y sin resolver que esto puede ser admitido en
un contrato de préstamo agrícola, la lógica consecuencia es
que la mejor prueba no es el dicho del testigo en ese parti-
cular sino el libro en donde había de constar el abono.   Y
no se puede explicar, dada la base lógica y racional en que
se fundan las reglas de evidencia, que teniendo el fiscal a
su disposición la prueba primaria en este caso, voluntaria-
mente la hubiera omitido, a no ser que su presentación le
tenía que ser adversa.   Véase artículo 102, párrafo 5º. de
la Ley de Evidencia.

"Para probar cualquier hecho en disputa deberá presentarse *la
mejor* evidencia obtenible.  Pocas reglas en materia de prueba son
como ésta tan frecuentemente invocadas en la vista de causas, y
ciertamente que no hay otra regla que esté más sólidamente mante-
nida por las decisiones judiciales.  Ella descansa en la presunción
de que una persona que retiene pruebas de grado más alto y trata de
sustituirlas por otras de clase inferior, lo hace por algún motivo im-
propio y porque es consciente del hecho de que su pretensión no
sería mantenida por la prueba que ha tratado de ocultar.  El cum-
plimiento de esta regla realiza dos fines: el de suministrar a la

corte una evidencia satisfactoria en vez de otras menos satisfactorias y el de evitar innumerables fraudes que habrían de perpetrarse, si las partes quedaran en libertad de probar el contenido de escritos con testimonios orales." *Jones on Evidence,* p. 243, 2nd Ed.

Creemos que la corte inferior cometió un manifiesto error en rehusar la eliminación de aquellos particulares de los testigos mencionados y que se referían a entregas de dinero que se dice realizadas mediante la libración de cheques y abonos en cuenta corriente. Y asimismo la corte inferior cometió error en la apreciación de la prueba, porque desprovista de su mayor certeza, era insuficiente para sostener la acusación y con tanto mayor motivo cuanto que no aparece probado el inventario de los bienes que se alega en dicha acusación garantizaban el préstamo, y siendo así la condición de este caso, debió declarar con lugar la moción perentoria de la defensa, absolviendo al acusado.

Por todo lo expuesto, debe revocarse la sentencia, y dictarse otra por la que se absuelva al acusado.

*Revocada la sentencia y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.